**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:18-cv-14385-RLR**

DWAYNE GLOSSON,

       Plaintiff,

v.

JOHN H. SANDERS, individually,
and JOSAN CONSTRUCTION COMPANY, LLC,
a Florida Limited Liability Company,

       Defendants.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL
## AND DISMISSAL WITH PREJUDICE

Plaintiff Dwayne Glosson, and Defendants Josan Construction Company, LLC and John H. Sanders, by and through their undersigned counsel, hereby request a hearing and approval in this case which includes claims arising under the Fair Labor Standards Act (FLSA) and/or §448.08, Fla. Stat. and provide the following Joint Memorandum:

1. Plaintiff filed his Complaint seeking the recovery of unpaid wages under the FLSA and/or §448.08, Fla. Stat. in connection with Plaintiff's employment with Defendants between June, 2018 and August, 2018.

2. As set forth in the Complaint, Plaintiff alleged that he was employed on an hourly basis, for which he was to be paid wages in compensation therefor.

3. Plaintiff's Complaint set forth his estimate of alleged unpaid wages.

4. The Parties engaged in discussions and exchanged information informally upon the filing of the Complaint. Defendants' informal discovery supplied to Plaintiff included timesheets signed by Plaintiff, and his corresponding paycheck stubs.

5. This discovery showed that Plaintiff was paid for all of the hours that were reported on his timesheets. While Plaintiff still claimed there may be additional time not reported for which he was not paid, any such amount would be considerably less than that originally thought to be the case.

6. The Parties have since engaged in arms-length settlement negotiations that resulted in a compromise among Plaintiff and Defendants to resolve all of Plaintiff's underlying claims for alleged unpaid wages and Plaintiff's attorneys' fees and costs. Under the Parties' settlement, Defendants have agreed to pay Plaintiff in compromise to resolve his claims for unpaid wages, liquidated damages, and attorneys' fees and costs. While Defendants have disputed Plaintiff's claim that he is owed any unpaid wages, particularly in light of Plaintiff's timesheets which Defendants believe show he was paid in full, Defendants have nevertheless agreed to pay Plaintiff a settlement solely in good faith and in the interest of avoiding protracted litigation.

7. Defendants believe that, based on the evidence and Plaintiff's time records, he is not owed any unpaid wages or liquidated damages.

8. Plaintiff believes that, based on the evidence and his time records, he is not owed the full amount originally sought in his Complaint for unpaid wages and liquidated damages.

9. As a result, the Parties' compromise is in line with their own best interests and worst case scenarios.

10. Defendants have agreed to pay Plaintiff's attorney's fees and costs as part of the Settlement Agreement.

11. Pursuant to the Court's settlement approval requirements and Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides

final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

12. More specifically, pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

1. The existence of fraud or collusion behind the settlement;
2. The complexity, expense, and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;
4. The probability of plaintiff's success on the merits;
5. The range of possible recovery; and
6. The opinions of counsel.

*See, e.g., Leverson v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

13. At all times throughout this case, Plaintiff and Defendants have each been represented by experienced counsel in the prosecution and defense of wage and hour claims and both Plaintiff and Defendants took into account the uncertainty and risks along with the additional time expended and fees incurred if the litigation had continued, such that the parties respectfully submit there was sufficient investigation and review of time and compensation records to enable Plaintiff's and Defendants' counsel to make recommendations and confer with their clients in order to achieve a resolution in this case.

14. The compromise agreed upon in the Parties' Settlement Agreement for Plaintiff's attorneys' fees and costs was separate and distinct from the underlying resolution of the Plaintiff's claims for alleged unpaid wages and damages. As numerous courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *See, e.g., Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

15. In the instant case, Defendants have agreed to pay $130.00 in gross wages; $130.00 in liquidated damages and, $1,240.00 in attorney's fees and costs as stated in the Settlement Agreement to resolve all of Plaintiff's claims for wages, liquidated damages, attorney's fees and costs, which includes out-of-pocket costs incurred in the filing fee, service of process costs, and corporate research. A copy of the Settlement Agreement is attached as Exhibit "A."

WHEREFORE, Plaintiff and Defendants respectfully request the Court grant the parties motion for hearing and approve their Settlement Agreement, dismiss this action with prejudice,

and retain jurisdiction for sixty (60) days from the date of approval to enforce the terms of the Parties' settlement.

Dated this 4th day of December, 2018.

| | |
|---|---|
| **MURPHY & WALKER, P.L.**<br>2001 U.S. Highway 1<br>Vero Beach, FL 32960<br>Telephone: (772) 231-1900<br>Facsimile: (772) 231-4387 | **ARCADIER, BIGGIE & WOOD, PLLC**<br>2815 W New Haven, Suite 304<br>Melbourne, FL 32904<br>Telephone: (321) 953-5998<br>Facsimile: (321) 953-6075 |
| By: /s/ Casey Walker<br>     Casey Walker<br>     Florida Bar No. 099848<br>     Brooke W. Odom<br>     Florida Bar No. 859990<br>     *Counsel for Josan Construction*<br>     *Company, LLC and John H. Sanders* | By: /s/ Maurice Arcadier<br>     Maurice Arcadier<br>     Florida Bar No. 131180<br>     *Counsel for Dwayne Glosson* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF to:

**Maurice Arcadier, Esq.**, **Ethan B. Babb, Esq.**, Arcadier, Biggie & Wood, PLLC, 2815 W. New Haven, Suite 304, Melbourne, FL 32904, office@wamalaw.com, arcadier@wamalaw.com, *Attorneys for Plaintiff Dwayne Glosson* this 4th day of December, 2018.

/s/ Casey Walker
Casey Walker
Florida Bar No. 099848

5